**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2275-23

A.E.M.,[1]

    Plaintiff-Appellant,

v.

J.A.D.,

    Defendant-Respondent.

_____

           Submitted March 25, 2025 – Decided July 11, 2025

           Before Judges Bishop-Thompson and Augostini.

           On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FV-18-0565-24.

           Jacobs Berger, LLC, attorneys for appellant (Holly M. Friedland and Jamie N. Berger, on the briefs).

           Lane & Lane, LLC, attorneys for respondent (Daniel J. Lane, on the brief).

PER CURIAM

---

[1] We use initials and fictitious names to protect the confidentiality of the record and the privacy interests of the parties. See R. 1:38-3(d)(10).

Plaintiff A.E.M. appeals from the February 15, 2024 order granting defendant's application to dismiss a temporary restraining order (TRO). Because the family court dismissed the TRO without conducting a de novo plenary hearing as required by N.J.S.A. 2C:25-28(i), we vacate the dismissal order and reinstate the TRO. The matter is remanded for a plenary hearing.

## I.

The parties were married in 2017 and have one child, C.D., born in 2018. Plaintiff has an adult daughter, B.E.M., from a prior relationship, who lived with the parties.

On February 11, 2021, defendant J.A.D. filed for divorce. Several days later, on February 18, 2021, plaintiff filed for a TRO, alleging harassment pursuant to N.J.S.A. 2C:33-4. B.E.M. also obtained a TRO against defendant, alleging the predicate act of assault pursuant to N.J.S.A. 2C:12-1. Defendant filed a cross-complaint against B.E.M.[2]

The parties agreed to voluntarily withdraw their domestic violence complaints and dismiss the TROs in exchange for civil restraints. On March 4,

_____

[2] The record does not contain either the complaint filed by B.E.M. against defendant (FV-18-0598-21) nor the cross-complaint filed by defendant against B.E.M. (FV-18-0602-21); however, both complaints are referenced in the March 4, 2021 consent order.

2021, plaintiff and defendant signed a consent order for civil restraints, stating in relevant part:

> 4. It is further agreed that [defendant] shall reside away from the Marital Residence, located at . . . Bridgewater . . . , and shall be prohibited from entering the Marital Residence, and shall remain at least 100 feet from the Marital Residence, except upon the written agreement of [plaintiff], which written agreement can include email or text authorization.

The consent order also prohibited defendant from "engaging in any form of harassing communication, contact, or interaction with [plaintiff]."

On January 13, 2024, after testifying before a municipal court judge, plaintiff obtained a TRO against defendant. In her accompanying domestic violence complaint, plaintiff alleged the predicate act of harassment, N.J.S.A. 2C:33-4, based on the allegation, in part, that defendant showed up at her residence to pick up their daughter in violation of the 2021 consent order. In addition to the restraints imposed, defendant's parenting time with C.D. was suspended temporarily, and C.D. was listed on the TRO as a protected party. A final restraining order (FRO) hearing was initially scheduled for January 18, 2024.

On January 17, 2024, defendant filed a motion challenging the TRO and seeking to remove C.D. as a protected party. Plaintiff objected to defendant's

A-2275-23

application and requested an adjournment to hire an attorney. Without granting the adjournment, the family court granted defendant's request and amended the TRO, awarding defendant parenting time as set forth in the parties' divorce case.

On February 5, 2024, defendant filed a second application, seeking to dismiss the TRO. On February 14, 2024, plaintiff filed an application to amend the domestic violence complaint, requesting to add several prior incidents of domestic violence dating back to 2019. The next day, February 15, 2024, after hearing arguments from both attorneys, the court granted defendant's application and dismissed the case, finding "no prima facie case of any harassing conduct, [or] any intent to harass."

## II.

Our standard of review of a family court's findings generally requires us to "uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (quoting N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007)). However, where the family court does not conduct a hearing and make findings based on evidence presented, our standard of review is broader; we "need not afford deference to the conclusions of the trial court." N.J. Div. of Youth & Fam. Servs. v. G.M.,

A-2275-23

198 N.J. 382, 396 (2009).  Moreover, we review legal issues de novo.  Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

The purpose of the Prevention of Domestic Violence Act (PDVA) is to "assure the victims of domestic violence the maximum protection from abuse the law can provide."  G.M. v. C.V., 453 N.J. Super. 1, 12 (App. Div. 2018) (quoting State v. Brown, 394 N.J. Super. 492, 504 (App. Div. 2007)); see also N.J.S.A. 2C:25-18.  Consequently, "[o]ur law is particularly solicitous of victims of domestic violence," J.D. v. M.D.F., 207 N.J. 458, 473 (2011) (alteration in original) (quoting State v. Hoffman, 149 N.J. 564, 584 (1997)), and courts "liberally construe[] [the PDVA] to achieve its salutary purposes," Cesare v. Cesare, 154 N.J. 394, 400 (1998).

A plaintiff may seek an ex parte TRO "when necessary to protect the life, health or well-being of a victim on whose behalf the relief is sought."  N.J.S.A. 2C:25-28(f).  A TRO "shall be granted upon good cause shown and shall remain in effect until a judge of the Family Part issues a further order."  N.J.S.A. 2C:25-28(i).

Under N.J.S.A. 2C:25-28(i), a TRO:

> is immediately appealable for a plenary hearing de novo
> not on the record before any judge of the Family Part

of the county in which [] plaintiff resides or is sheltered if that judge issued the [TRO] or has access to the reasons for the issuance of the [TRO] and sets forth in the record the reasons for the modification or dissolution.

"The statutory availability of an appeal appears to be designed to balance the fact that TROs are most often issued ex parte, without notice to the defendant," and without the procedural due process protections attached. Vendetti v. Meltz, 359 N.J. Super. 63, 68 (Ch. Div. 2002).

The provisions of N.J.S.A. 2C:25-28(i) permit the court to consider modifying or dissolving a TRO, provided plaintiff is given notice of the requested relief and provided the reviewing court has access to the reasons the initial judge granted the TRO. Ibid. However, where factual disputes exist, such relief should not be granted without a plenary hearing. See N.J.S.A. 2C:25-28(i). Moreover,

> [c]ourts should be reluctant to vacate a TRO at an appeal hearing when concern remains for the safety of [] plaintiff, where plaintiff seeks legal counsel at the hearing, where witnesses and evidence are unavailable on such short notice, where plaintiff cannot appear for a legitimate reason, such as illness, or where other circumstances exist that dictate a cautious approach.
>
> [Vendetti, 359 N.J. Super. at 69.]

6

III.

Applying these principles, we conclude that the court erred in granting defendant's appeal and dismissing the TRO for three reasons: (1) failing to review the municipal judge's findings from the TRO hearing; (2) failing to conduct a plenary hearing de novo; and (3) failing to set forth adequately its reasons for the dissolution of the TRO as required by Rule 1:7-4.

First, because the court did not take testimony or make any findings of fact, we owe no deference to the court's legal conclusions. Therefore, we review the court's legal determination de novo.

Because the judge who granted defendant's appeal was not the judge who granted the TRO, N.J.S.A. 2C:25-28(i) requires the judge hearing the appeal to have access to the municipal judge's reasons for issuing the TRO. Here, defendant had the audio recording of the hearing before the municipal judge. The judge did not listen to the recording or adjourn the matter to require defendant to provide a transcript of the hearing. Therefore, the judge decided defendant's appeal without the benefit of reviewing plaintiff's testimony or the municipal judge's findings.

Plaintiff alleged that defendant's conduct in coming onto her property and up to her porch, coupled with the threatening text messages to call the police

alleged in the complaint, was done with the intent to annoy and alarm her. Defendant denied intending to annoy and alarm plaintiff; instead, he contends he was simply picking up their daughter consistent with the parenting plan and court orders. The factual dispute regarding defendant's conduct and whether it constituted an act of domestic violence required a plenary hearing to resolve. The more "cautious approach" would have been to "defer the ultimate decision on the issue of the commission by defendant of acts of domestic violence to the final hearing." Vendetti, 359 N.J. Super. at 69. We conclude that the judge erred in granting the appeal without conducting a hearing as required by N.J.S.A. 2C:25-28(i).

Moreover, the allegations of domestic violence must be evaluated through the lens of the parties' relationship and any prior history of domestic violence. Cesare, 154 N.J. at 402 (holding "acts claimed by [] plaintiff to be domestic violence . . . [must] be evaluated in light of the previous history of violence between the parties"). Here, plaintiff had filed an application to amend her complaint; however, because the application to amend had not been reviewed and resolved before the court heard defendant's appeal, the court did not have the benefit of that additional information.

A-2275-23

Finally, without the benefit of testimony or a plenary de novo hearing, the court rejected plaintiff's argument against the dissolution of the TRO, stating:

> The mother did not know that he was coming, she got upset when he honked the horn. You're using words like lured the daughter outside when he just wants his parenting time. And you've got a miscommunication and a misunderstanding about whether he gets the daughter that morning . . . .
>
> This is not domestic violence. There is no prima facie case of domestic violence. There is no prima facie case of any harassing conduct, of any intent to harass. She has a problem with what happened, make an application under the [matrimonial docket] where this dispute belongs.

In rendering a decision, a trial court is required to provide an adequate explanation as the basis for the court's decision. R. 1:7-4; Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015). Here, the court's summary conclusion falls short of the requisite findings and reasoning for dismissing the TRO.

As a result of these errors, we vacate the February 15, 2024 order of dismissal and reinstate the TRO. We remand the matter for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-2275-23